UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TENNESSEE GAS PIPELINE, L.L.C.,**<br><br>Plaintiffs,<br><br>v.<br><br>**1.693 ACRES OF LAND IN THE TOWNSHIP OF MAHWAH,** *et al.***,**<br><br>Defendants. | Civ. No. 2:12-cv-07921 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

In this matter, Plaintiff Tennessee Gas Pipeline L.L.C. ("Tennessee Gas") seeks the following relief:  <u>First</u>, Tennessee Gas requests that the Court recognize its eminent domain authority and enter an order granting it a property interest in a road located in Mahwah, New Jersey.  <u>Second</u>, it moves under Federal Rule of Civil Procedure 65 for a preliminary injunction granting it immediate possession of that property interest.  There was no oral argument.  Fed. R. Civ. P. 78(b).  For the reasons set forth below, the Court will **RECOGNIZE** the property interest and **GRANT** the preliminary injunction.

I.   **BACKGROUND**

On May 29, 2012, the Federal Energy Regulatory Commission ("FERC") issued a Certificate of Public Convenience and Necessity (the "FERC Certificate") authorizing Tennessee Gas to perform its Northeast Upgrade Project (the "Project"), and providing Tennessee Gas with certain eminent domain powers. Am. Verified Compl. ("Compl.") ¶ 9, ECF No. 15.  The Project, which will increase natural gas delivery capacity in the Northeast, includes upgrades to a Mahwah, New Jersey meter station that measures gas flow (the "Station").  Compl. ¶¶ 3, 7; Winters Declaration ¶¶ 4-5, ECF No. 1-15.

Bear Swamp Road (the "Road")[1] provides a means of access for Tennessee Gas to transport its workers to the Station and thereby make those upgrades.  Creel Declaration ¶ 12, ECF No. 1-17.  The Road crosses property belonging to: Defendants Carol Wheran Greene, Richard C. Greene, and Lindsey Greene Barrett; Defendant Michael Brizzolara; Defendant The Yaw Paw Camp Association of Ridgewood, N.J.; and Defendant Bergen County.[2]  Acting pursuant to its eminent domain authority, Tennessee Gas has already offered various interested landholders a total of $6,000 for a temporary access easement to the Road which will last until the proposed upgrades to the Station are complete (the "Property Interest").  Compl. ¶¶ 33, 39, 45, 50.  The landholders did not accept the offer.

Tennessee Gas's contracts with natural gas shippers are based on an in-service date of November 1, 2013.  Rimmer Declaration ¶ 10, ECF No. 1-18; Johnson Declaration ¶ 10, ECF No. 1-18.  Thus, unless Tennessee Gas's workers can access the Station immediately, Tennessee Gas "may not be able to begin construction of the Project in time to allow the Project to be completed by [the anticipated deadline of] November 1, 2013."  Creel Declaration ¶ 24.

On December 28, 2012, Tennessee Gas commenced the present action.  With the present motion, Tennessee Gas requests that the Court recognize its eminent domain authority and grant the Property Interest.  Tennessee Gas also requests that the Court issue a preliminary injunction giving it immediate possession of the Property Interest.

## II. DISCUSSION

Natural gas companies need a FERC Certificate to "undertake the construction or extension of [their] facilities."  15 U.S.C. § 717(c)(1)(A).  FERC Certificates are issued only when "required by the present or future public convenience and necessity."  15 U.S.C. § 717f(e).  The Natural Gas Act ("NGA"), 15 U.S.C. § 717f(h), provides that:

> When any holder of a [FERC Certificate] cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipe line or pipe lines for the transportation of natural gas, and the necessary land or other property, in addition to right-of-way, for the location of compressor stations, pressure apparatus, or other stations or equipment necessary to the proper operation of such pipe line or pipe lines, it may acquire the same by

---

[1] Based on the parties' submissions, it is unclear whether the road is privately owned.
[2] There are three additional Defendants: the Northern New Jersey Council, Boy Scouts of America, a lessee of the Yaw Paw Property, as well as two New Jersey State Agencies that have an interest in the outcome of this case.

the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located . . . [provided that the] amount claimed by the owner of the property to be condemned exceeds $3,000.

15 U.S.C. § 717f(h).

The Court finds that Tennessee Gas has satisfied Section 717f(h). First, Tennessee Gas has a FERC Certificate. *See* Creel Declaration at Ex. A. Second, Tennessee Gas has been unable to acquire the Property Interest by contract or agreement with the landowners. Third, the property value at issue exceeds $3,000.[3] *Steckman Ridge GP, LLC v. An Exclusive Natural Gas Storage Easement Beneath 11.078 Acres*, No. 8–168, 2008 WL 4346405, at *13 (W.D. Pa. Sept. 19, 2008). Accordingly, the Court recognizes Tennessee Gas's eminent domain power, and it will enter an order granting the Property Interest. *See, e.g.*, *Tennessee Gas Pipeline Co. v. Massachusetts Bay Transp. Auth.*, 2 F. Supp. 2d 106, 110 (D. Mass. 1998). ("The District Court's sole charge and authority is to evaluate the scope of the FERC Certificate, and order the condemnation of property in accordance with that scope."). The contours of the Property Interest are described in the Order accompanying this Opinion.

### A.   IMMEDIATE POSSESSION

Tennessee Gas further requests that that the Court order that its right of access to the Road pursuant to the NGA become effective immediately. The NGA is silent on the issue of immediate possession. *See, e.g.*, *East Tennessee Natural Gas Co. v. Sage*, 361 F.3d 808, 831 (4th Cir. 2004). However, once a district court determines that the NGA—via a FERC Certificate—confers a property interest on a gas company, the court may use its equitable power to grant the remedy of immediate possession through the issuance of a preliminary injunction. *Sage*, 361 F.3d at 827 (citing cases to arrive at that holding); *Tennessee Gas Pipeline v. 0.018 Acres of Land in the County of Vernon*, No. 10-4465, 2010 WL 3883260, at *2 (D.N.J. Sept. 28, 2010) ("*0.018 Acres*").

### 1.   Legal Standard For Preliminary Injunction

For a preliminary injunction to issue, the Tennessee Gas must demonstrate: "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even

---

[3] *See, e.g.*, Bergen County Answer ¶ 15; Brizzolara Answer ¶ 15; Greene Answer ¶ 64 (easement worth in excess of $4,700).

greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Tennessee Gas Pipeline v. 0.018 Acres of Land in the County of Vernon*, No. 10-4465, 2010 WL 3883260, at *2 (D.N.J. Sept. 28, 2010) ("*0.018 Acres*") (quoting *Kos Pharms. Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004)).

        2.    Application

Because all four preliminary injunction factors favor Tennessee Gas, the Court will enter an injunction allowing for the immediate possession of the Property Interest.

<u>First</u>, there is a likelihood of success on the merits. Tennessee Gas's eminent domain power guarantees it will eventually take ownership of the temporary easement. The question is not *whether* property rights will transfer to Tennessee Gas, but *when*. *0.018 Acres*, 2012 WL 3883260, at *2.

<u>Second</u>, Tennessee Gas will be irreparably harmed if it cannot immediately access the Road. Tennessee Gas's contracts with natural gas shippers are based on an in-service date of November 1, 2013. Rimmer Declaration ¶ 10; Johnson Declaration ¶ 10. To meet its deadline, Tennessee Gas's workers need immediate access to the Station, and to get its workers to the Station, Tennessee Gas needs immediate access to the Road. Creel Decl. ¶ 17. Without access, Tennessee Gas would have to construct an all-weather road. Winters Declaration ¶ 19. That would be "wasteful and inefficient." *0.018 Acres*, 2012 WL 3883260, at *3 (quoting *Sage*, 361 F.3d at 829).

<u>Third</u>, the balance of harms favors Tennessee Gas. The Road is already in existence. Tennessee Gas intends to use the Road only for transporting its workers to the Station. Creel Declaration ¶ 12; Gredvig Declaration ¶ 21, ECF No. 27-1; Pl.'s Letter Br. at 1, ECF No. 28. Heavy construction equipment will not travel over the Road, and no trees along the Road will be cut down. Creel Declaration ¶ 12.

<u>Finally</u>, the public interest favors immediate possession. Tennessee Gas's Project will provide increased natural gas delivery capacity in the Northeast. Creel Declaration ¶ 5. Because all four preliminary injunction factors favor Tennessee Gas, the Court will **GRANT** immediate possession of the Property Interest.

## IV. CONCLUSION

For the foregoing reasons, the Court will recognize Tennessee Gas's eminent domain authority and enter an order granting the Property Interest. The Court will also issue a preliminary injunction allowing immediate possession of the Property Interest.

          /s/ William J. Martini
    **WILLIAM J. MARTINI, U.S.D.J.**

**Date: January 22, 2013**